FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES D.,[1]

                    Plaintiff,

      v.

KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2]

                  Defendant.

No.    4:20-cv-05129-EFS

**ORDER GRANTING PLAINTIFF'S SUMMARY-JUDGMENT MOTION, GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION, AND REMANDING THE MATTER FOR FURTHER PROCEEDINGS**

       Plaintiff James D. appeals the denial of benefits by the Administrative Law Judge (ALJ). The parties agree the ALJ harmfully erred by improperly evaluating the opinion of Plaintiff's treating physician's assistant. The parties disagree about

---

[1] To protect the privacy of the social-security Plaintiff, the Court refers to him by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

[2] On July 9, 2021, Ms. Kijakazi became the Acting Commissioner of Social Security. She is therefore substituted for Andrew Saul as Defendant. Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

the appropriate remedy. Plaintiff seeks remand for an immediate award of benefits whereas the Commissioner argues the Court should adhere to the ordinary remand rule and remand the case for further administrative proceedings. After reviewing the record and relevant authority, the Court remands the case for further administrative proceedings.

## I.    Five-Step Disability Determination

A five-step sequential evaluation process is used to determine whether an adult claimant is disabled.[3] Step one assesses whether the claimant is currently engaged in substantial gainful activity.[4] If the claimant is engaged in substantial gainful activity, benefits are denied.[5] If not, the disability evaluation proceeds to step two.[6]

Step two assesses whether the claimant has a medically severe impairment or combination of impairments that significantly limit the claimant's physical or

---

[3] 20 C.F.R. § 416.920(a).

[4] *Id.* § 416.920(a)(4)(i).

[5] *Id.* § 416.920(b).

[6] *Id.*

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 2

mental ability to do basic work activities.[7] If the claimant does not, benefits are denied.[8] If the claimant does, the disability evaluation proceeds to step three.[9]

Step three compares the claimant's impairment or combination or impairments to several recognized by the Commissioner as so severe as to preclude substantial gainful activity.[10] If an impairment or combination of impairments meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.[11] If not, the disability evaluation proceeds to step four.

Step four assesses whether an impairment prevents the claimant from performing work he performed in the past by determining the claimant's residual functional capacity (RFC).[12] If the claimant can perform past work, benefits are denied.[13] If the claimant cannot perform past work, the disability evaluation proceeds to step five.

Step five, the final step, assesses whether the claimant can perform other substantial gainful work—work that exists in significant numbers in the national

---

[7] 20 C.F.R. § 416.920(a)(4)(ii).

[8] *Id.* § 416.920(c).

[9] *Id.*

[10] *Id.* § 416.920(a)(4)(iii).

[11] *Id.* § 416.920(d).

[12] *Id.* § 416.920(a)(4)(iv).

[13] *Id.*

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 3

economy—considering the claimant's RFC, age, education, and work experience.[14] If so, benefits are denied. If not, benefits are granted.[15]

The claimant has the initial burden of establishing he is entitled to disability benefits under steps one through four.[16] At step five, the burden shifts to the Commissioner to show the claimant is not entitled to benefits.[17]

## II.    Factual and Procedural Summary

The parties agree Plaintiff protectively filed for Title XVI benefits on March 9, 2017.[18] The parties further agree that, considering this protective filing date, the ALJ applied the wrong legal standard by evaluating the medical-opinion evidence under new regulations that apply to claims filed on or after March 27, 2017.[19] In so

---

[14] 20 C.F.R. § 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

[15] 20 C.F.R. § 416.920(g).

[16] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

[17] *Id.*

[18] ECF No. 21 at 3; ECF No. 15 at 3-4. Plaintiff filed a Title II claim on March 9, 2015 and indicated at that time that he also intended to file for Title XVI benefits. Plaintiff's Title II claim was dismissed. The parties agree the agency failed to follow-up with Plaintiff about the Title XVI claim.

[19] Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

doing, Plaintiff argues the ALJ harmfully erred. The Commissioner agrees. In particular, the parties agree the ALJ harmfully erred in evaluating the opinion of Machelle Dotson, PA-C.[20] The only issue before this Court, then, is the proper remedy. While Plaintiff asks the Court to remand for an immediate award of benefits,[21] the Commissioner argues factual issues require this Court to apply the ordinary remand rule and remand the matter for further administrative proceedings.

---

[20] ECF No. 15 at 7; ECF No. 21 at 3-4. Because the parties agree the ALJ harmfully erred in evaluating PA Dotson's opinion, this Court does not address Plaintiff's additional argument that the ALJ erred in evaluating his symptom reports.

[21] While arguing the ALJ harmfully erred in evaluating the opinion of PA Dotson, Plaintiff also asks this Court to continue to review his claim under the new regulations because "the ALJ's legal error here is actually beneficial" to his claim. ECF No. 15 at 9. This Court, however, is not a factfinder and does not in the first instance review the medical-opinion evidence against the old or new regulations but instead reviews the ALJ decision to ensure it is supported by substantial evidence and free from harmful legal error. *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). Because the ALJ decision here contains harmful legal error, the case must be remanded and, on remand, the proper legal standard must be applied.

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 5

### III.    The Ordinary Remand Rule

The ordinary remand rule applies to Social Security cases.[22] Thus, when a harmful error is detected, remand for further proceedings is the usual course absent "rare circumstances."[23] The decision whether to remand for benefits or further proceedings is within the Court's discretion, however, as it "is a fact-bound determination that arises in an infinite variety of contexts."[24]

The Court will only exercise its discretion to remand for an immediate award of benefits if each of the following three conditions are met: (1) the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion"; 2) the record has been fully developed and there are no outstanding issues that must be resolved before a determination of disability can be made; and 3) further administrative proceedings would not be useful.[25] "Administrative proceedings are generally useful where the record is not fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence … may well prove enlightening in light of the passage of

---

[22] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

[23] *Id.* (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

[24] *Id.* at 1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)).

[25] *Id.* at 1100-01.

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 6

time."[26] When the case presents "conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."[27]

## IV.    Analysis

Plaintiff argues departure from the ordinary remand rule is appropriate because he satisfies the above three-pronged test. Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting the medical-opinion evidence, the record is fully developed and, if PA Dotson's opinion were credited as true, a finding of disability would be mandated. The ALJ found Plaintiff suffered from the following severe impairments: lumbar degenerative disc disease, cervical spondylolisthesis, and peripheral neuropathy of the upper and lower extremities.[28] It is undisputed that, in a functional evaluation form dated September 18, 2019, PA Dotson opined that Plaintiff would be limited in the following ways:

- Plaintiff would need to lie down or rest periodically during the day.

- Plaintiff could sit for 60 minutes at a time and stand/walk for 30-45 minutes at a time.

- Plaintiff required at job that permits him to shift positions at will from sitting, standing, or walking.

---

[26] *Id.* at 1101 (cleaned up).

[27] *Id.*

[28] AR 17.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

- Plaintiff would need to take unscheduled breaks during an 8-hour workday.

- Plaintiff could frequently lift and carry less than 10 pounds, occasionally carry and lift 10-20 pounds, and never carry or lift 50 pounds.

- Plaintiff might need to elevate his legs during an 8-hour workday.

- Plaintiff's medical problems would prevent him from maintaining a regular work schedule during more than 4 days per month.

Plaintiff argues that, because PA Dotson's opinion—when credited—would establish disability based on the testimony of the vocational expert, the case should be remanded for benefits rather than further proceedings.[29] Plaintiff urges the Court to consider "the unnecessary duplication of hearings, the credible nature of [his] testimony and medical treatment, the substantial delay of over six years in [the] adjudication of this case, the misapplication of the relevant regulations, and [his] severe pain and general economic hardship caused by these prolonged proceedings."[30]

In contrast, the Commissioner argues this Court should adhere to the ordinary remand rule because the case presents ambiguities and conflicts that must be resolved by the ALJ, not this Court. The Commissioner notes the

---

[29] ECF No. 15 at 20; *see also* AR 65 (testimony of vocational expert).

[30] ECF No. 15 at 20.

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

reviewing opinions of state-agency physicians Dr. Peter Bernardo and Dr. Lloyd Wiggins that Plaintiff could work at the light exertional level with additional limitations.[31] The Commissioner also argues Plaintiff's own testimony differs from PA Dotson's limitations.[32] Finally, the Commissioner alleges there are discrepancies in the medical evidence, including some normal or "very mild" findings related to Plaintiff's spinal conditions. The Commissioner argues these various factual issues preclude an award of benefits.

With respect to the medical evidence, Plaintiff argues there is no real conflict or inconsistency because the "very mild" findings cited by the Commissioner are from 2015 while the most recent findings from 2019 show that Plaintiff had disc-bulging that touched a nerve root.[33] Plaintiff also argues there is no legitimate inconsistency between his symptom reports and the opinion of PA Dotson because Plaintiff said he could probably stand for 15-20 minutes and PA Dotson opined that Plaintiff could stand or walk for 30 minutes. Further, Plaintiff testified he needed to move around after a few minutes and PA Dotson opined that Plaintiff would need a job that allowed him to shift from sitting to standing at will. Plaintiff argues these ideas support one another, rather that contradict. Even were this Court to agree that no genuine conflicts are created by the medical evidence or the minor

---

[31] AR 82-85 (Dr. Bernardo); AR 96-100 (Dr. Wiggins).

[32] AR 42-43.

[33] AR 767.

discrepancies between Plaintiff's symptom reports and PA Dotson's opinion, that still leaves the matter of the state-agency physicians who opined, contrary to PA Dotson, that Plaintiff could work.

Dr. Bernardo reviewed the record evidence in January 2018 and concluded Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, could stand or walk for 4 hours out of an 8-hour workday, could sit for about 6 hours in an 8-hour workday, could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but could never climb ladders and should avoid all exposure to hazards such as machinery and heights.[34] Dr. Wiggins reviewed the record evidence in February 2018 and offered an identical opinion.[35] Plainly, both opinions—which the ALJ found "partially persuasive" under the rubric of the new (but here, improperly applied) regulations—contradict the opinion of PA Dotson.[36] The Commissioner states that remand is required because conflicts between medical opinions should be resolved at the administrative level, not on judicial review.

---

[34] AR 83-84.

[35] AR 96-100.

[36] The ALJ found the postural limitations opined by Dr. Bernardo and Dr. Wiggins were "mostly consistent with the record, but the record supported greater limitation in exertion and exposure to cold temperatures." AR 23.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Plaintiff counters that no true conflict exists because Dr. Bernardo and Dr. Wiggins are reviewing sources. Plaintiff cites *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004), in support.[37] In *Benecke*, the claimant appealed the district court's decision to remand her disability claim back to the Social Security Administration for additional proceedings rather than remand for an immediate award of benefits.[38] The Ninth Circuit held there were no outstanding issues and the claimant was clearly entitled to benefits.[39] As Plaintiff points out, the Ninth Circuit concluded there were no outstanding issues even though two non-treating physicians had opined that Plaintiff could work. *Benecke*, however, must be viewed in light of its facts. In *Benecke*, "[s]everal treating physicians ha[d] stated that Benecke would be unable to maintain employment in her condition."[40] The opinions of those treating physicians were treated as true given the ALJ improperly rejected them.[41] Importantly, the Ninth Circuit acknowledged that the opinions of the two state-agency doctors were entitled to less weight than the opinions of the claimant's treating doctors.[42] No outstanding issues were created by the state

---

[37] ECF No. 22 at 4.

[38] 379 F.3d at 593.

[39] *Id.* at 594.

[40] *Id.* at 596.

[41] *Id.* at 594.

[42] *Id.* at 592.

agency opinions, therefore, because those opinions were entitled to less weight than the opinions of claimant's treating doctors that were credited as true.[43]

Similar facts are not present in this case. Here, the ALJ improperly discredited the opinion of a treating physician's assistant, not a licensed physician. Under the previous regulations—the proper regulations for this case—physician's assistants are considered an "other source" and their opinions are not entitled to the same deference as "acceptable medical sources" such as licensed physicians.[44] Under the prior regulations, an "other source" opinion may be rejected for "germane" reasons whereas a more exacting standard must be met before an ALJ may properly reject the opinion of a licensed physician, even a reviewing physician.[45]

Here, the improper rejection of an "other source" treating opinion (PA Dotson) coupled with the partial crediting of the reviewing opinions of two licensed physicians (state agency physicians Dr. Bernardo and Dr. Wiggins) creates a conflict that should be addressed at the administrative level. It is not for this

---

[43] *See id.* at 594 ("[W]e conclude that there are no outstanding issues that must be resolved before a determination of disability can be made and that is it clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited.").

[44] *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

[45] *Id.*

Court to say in the first instance whether, on balance, an "other source" that treated Plaintiff should be given more or less weight than "acceptable medical sources" that did not treat Plaintiff. The ALJ is in the best position to make that determination based on the specific facts of Plaintiff's case.

Plaintiff also cites *Revels v. Berryhill*, 874 F.3d 648, 669 (9th Cir. 2017), and argues that "non-examining sources cannot even create substantial evidence supporting a determination themselves."[46] However, the opinion of a non-examining source (i.e., a reviewing source) can be substantial evidence when the opinion is supported by independent evidence in the record.[47] The fact that the state-agency physicians in this case are reviewing sources does not establish that the case is free from conflict or ambiguity. As explained above, there is a conflict requiring resolution before a proper disability determination can be made because there is a question regarding which opinion should be given greater weight, that of a treating "other source" or that of a non-treating licensed physician. The ALJ should resolve that question on remand, including resolving the factual question of whether the reviewing opinions of Dr. Bernardo and Dr. Wiggins are supported by independent evidence in the record.

On remand, Plaintiff should be given the option for a new hearing and the ALJ should, under the correct legal standard, reevaluate the opinion evidence,

---

[46] ECF No. 22 at 4.

[47] *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

reassess Plaintiff's subjective symptom reports, conduct the five-step disability analysis anew, and issue a new decision.

### V.    Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2.    The Commissioner's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.

3.    The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

4.    The case shall be **CLOSED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to file this Order and provide copies to all counsel.

**DATED** this 1st day of October 2021.


_____s/Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge